ON REHEARING EX MERO MOTU
On rehearing ex mero motu, the original opinion in this case is withdrawn and the following is substituted therefor:
This is an appeal from a summary judgment entered in favor of the defendants, Mobile County, the Mobile County Commission, and M.L. Risher, and made final pursuant to Rule 54(b), Ala.R.Civ.P. We affirm.
Michael Perry was injured in an automobile accident that occurred in the intersection of Hamilton Boulevard and Rangeline Road in Mobile County. The complaint alleged that Mobile County and the Mobile County Commission (hereinafter, both Mobile County and the Mobile County Commission will be referred to as "Mobile County") had negligently or wantonly designed, constructed, and maintained the intersection and had negligently continued to use at that intersection a flashing signal light that showed amber on one side and red on the other side. The plaintiffs alleged that, instead of this light, Mobile County should have used at this intersection a regular traffic signal with red, amber, and green lights on each side. The complaint was amended to allege negligent and wanton failure to warn of a dangerous roadway condition.
Mobile County's motion for summary judgment was granted by the trial court, but that judgment was reversed by this Court on a prior appeal because Mobile County had not complied with some of the plaintiffs' discovery requests. Perry v. MobileCounty, 497 So.2d 829 (Ala. 1986). On remand, after discovery had been completed, the trial court granted Mobile County's second motion for summary judgment. *Page 604 
The evidence in the record conclusively establishes that the intersection of Hamilton Boulevard and Rangeline Road is under the exclusive control of the State of Alabama. The State owns all of the right-of-way surrounding the intersection, and the intersection was entirely designed, constructed, and maintained by the State. Yet, the appellants, relying on Jefferson Countyv. Sulzby, 468 So.2d 112, 114 (Ala. 1985), insist that Mobile County had a duty to warn of a dangerous condition of a roadway and a duty to keep the roadways under its control in a safe condition. The holding of Sulzby is not applicable to the facts in the instant case. It is undisputed that the intersection involved in this case, unlike that involved in Sulzby, was not under the control of the county. Consequently, Mobile County owed no duty to maintain the intersection in a safe condition, or to warn of the intersection's allegedly dangerous condition. Therefore, summary judgment was properly entered in favor of Mobile County.
The complaint was amended to add M.L. Risher as a defendant. Risher was employed by the State of Alabama Highway Department as a division engineer at the time of the accident, and the amended complaint alleged that Risher was negligent or wanton in designing and/or maintaining the intersection. It further alleged that Risher had negligently or wantonly failed to alter, modify, or change the intersection prior to the accident.
The evidence in the record is uncontroverted that Risher had no involvement with the design of the intersection; therefore, the only issue is whether Risher may be held liable for the alleged failure to alter, modify, or change the intersection prior to the accident.
After a party moving for summary judgment has made a prima facie showing that there is no genuine issue of material fact, the burden moves to the non-moving party to show byadmissible evidence the existence of a genuine issue of material fact. Ala.R.Civ.P. 56(e); Horner v. First NationalBank of Mobile, 473 So.2d 1025 (Ala. 1985). If an affidavit is filed in opposition to a motion for summary judgment, the court should not consider it unless it is based on personal knowledge, Welch v. Houston County Hospital Board,502 So.2d 340 (Ala. 1987). The affidavit may not consist of bare conclusory statements, but must be based on facts, Nowell v.Mobile County Health Dept., 501 So.2d 468 (Ala.Civ.App. 1986). An additional requirement is that the affidavit contain information that allows more than speculative or conjectural inferences, Thompson v. Lee, 439 So.2d 113 (Ala. 1983). Where documents have been submitted, as exhibits to affidavits or otherwise, they must be admissible in evidence either as sworn or certified copies, Ala.R.Civ.P. 56(e).
In opposition to Risher's motion for summary judgment, the plaintiffs filed a motion and an affidavit that contains speculative and conclusory statements. The affidavit is not based on the personal knowledge of the affiant. It is accompanied by various documents, including computer printouts of accident reports, individual accident reports, and letters. None of these documents was certified or otherwise authenticated so as to be made admissible into evidence; therefore, they constitute inadmissible hearsay. Additionally, the affidavit referred to an accident report that is not in the record and also referred to the depositions of Michael Perry, Robert Williams, and Christopher Perry, but those depositions are not contained in the record. Under these facts, it would have been appropriate for the trial court to disregard the affidavit. However, we cannot be sure that it did, since no ruling on the matter was invoked.
The issue of admissibility of the evidence in opposition to the motion for summary judgment was raised by Risher for the first time on appeal. In response to his contention on this issue, we adopt the following language from C. Wright, A. Miller M. Kane, Federal Practice and Procedure: Civil 2d § 2738 (1983):
 "A party must move to strike an affidavit that violates Rule 56(e); if he fails to do so, he will waive his objection and, in the absence of a 'gross miscarriage of *Page 605 
justice,' the court may consider the defective affidavit. This principle applies to affidavits containing evidence that would not be admissible at trial as well as to affidavits that are defective in form. The motion to strike must be timely, [and] the decision on that question is left to the discretion of the trial judge. It is clear that a motion to strike presented for the first time on appeal comes too late.
 "The court will disregard only the inadmissible portion of the challenged affidavit and consider the rest of it. . . . [A] motion to strike should specify the objectionable portions of the affidavit and the grounds for each objection. A motion asserting only a general challenge to an affidavit will be ineffective."
The foregoing is applicable equally to those affidavits in support of a motion for summary judgment and to those in opposition to such a motion.
Since Risher did not call to the trial court's attention the fact that the affidavit was inadmissible, he waived that objection, but, after considering it, we conclude that the trial court did not err in granting summary judgment for Risher. Even considering the plaintiff's affidavit, the evidence remains undisputed that Risher acted within the scope of his authority as a division engineer of the State Highway Department when he made his determination not to install a different signal at the intersection of Hamilton Boulevard and Rangeline Road in Mobile County prior to the accident. Consequently, Risher was the "mere conduit" through which the State maintained control of the intersection. Further, in determining whether to install a different signal at this intersection, Risher was exercising his judgment or discretion. Therefore, Risher is entitled to substantive and procedural immunity for his acts performed in the furtherance of his duties with the State of Alabama Highway Department. Carter v.Board of Trustees of University of Alabama in Birmingham,431 So.2d 529, 531 (Ala. 1983); Deal v. Tannehill Furnace FoundryCommission, 443 So.2d 1213 (Ala. 1983); Hickman v. Dothan CityBoard of Education, 421 So.2d 1257 (Ala. 1982); Bell v.Chisom, 421 So.2d 1239 (Ala. 1982); DeStafney v. University ofAlabama, 413 So.2d 391, 393-94 (Ala. 1982); Gill v. Sewell,356 So.2d 1196, 1198 (Ala. 1978); Cairl v. State, 323 N.W.2d 20, 23
(Minn. 1982).
The appellants insist that Risher is subject to tort liability because, they say, he acted in bad faith or under a mistaken interpretation of law in not recommending that a different signal be installed at the intersection. The record is devoid of any evidence that Risher acted in bad faith; therefore, the only question is whether there is evidence to support the allegation that Risher acted under a misinterpretation of law.
The necessary criteria or "warrants" for the placement of a traffic signal at a given intersection are set forth in the Alabama manual on uniform traffic control devices. This manual, published by the State of Alabama Highway Department, is the guideline for traffic engineers to follow when making a recommendation on the installation of a traffic signal. The installation of all electrically operated highway traffic signals on the State highway system must be approved by the State of Alabama Highway Department. The manual contains the following language regarding all traffic engineers' considerations as a basis for the installation of a traffic signal:
 "Based upon many years of traffic engineering experience, and analyses of traffic operations and other factors at signalized and unsignalized intersections, a series of warrants have been developed that define the minimum conditions under which traffic control signals should be installed. These warrants, combined with the judgment of experienced traffic engineers, shall be utilized to determine the justification for the installation of traffic control signals. It is necessary that the judgment of the experienced traffic engineer be based upon a thorough engineering study of the roadway and traffic conditions."
Risher testified that he could not make a recommendation for a regular three-color *Page 606 
signal at the intersection because the traffic volume did not warrant it. The plaintiffs submit that Risher was acting under a misinterpretation of law because, they say, he followed the literal language of the manual and did not make a recommendation based on other factors.
Risher testified that he knew that he was authorized to make a recommendation for the installation of signals at the intersection, but that he felt that such a recommendation would be rejected because it was not justified by the "warrants." Clearly, Risher was aware that his authority was not limited to the literal wording of the manual, but that he was free to exercise his judgment based on his experience as an engineer when he made recommendations. The evidence is uncontroverted that Risher was not acting under a misinterpretation of law, but was performing a discretionary function, the result of which is not to the satisfaction of the plaintiffs. Therefore, Risher is entitled to the exception from tort liability, because he was exercising his judgment or discretion in the furtherance of his duties as a division engineer for the State of Alabama; the summary judgment was, thus, also proper as to Risher.
Based on the foregoing, the judgment is due to be, and it hereby is, affirmed.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED.
TORBERT, C.J., and JONES, ADAMS, HOUSTON and STEAGALL, JJ., concur.
MADDOX, J., concurs in the result.