The court entered a summary judgment against the defendants, Berry Mountain Mining Company, Inc., and George M. and Janice M. Simmons (hereinafter collectively "Berry Mountain") in the amount of $208,524.00. That judgment was made final pursuant to Rule 54(b), A.R.Civ.P., and Berry Mountain appeals.
In October 1983, Berry Mountain entered into an indemnity agreement with American Resources Insurance Company ("American Resources") wherein Berry Mountain agreed to indemnify American Resources for any losses resulting from reclamation surety bonds issued on behalf of Berry Mountain. Berry Mountain further agreed to pay all unpaid bond premiums.
In June 1984, and again in August 1985, American Resources, on behalf of Berry Mountain and Ryan's Coal Co., Inc., placed the reclamation bonds on risk with the Alabama Surface Mining Commission. The amounts of the bonds were $197,324.00 and $8,625.00, respectively. When Berry Mountain failed to reclaim the mining sites that were the subject of the bonds, the Alabama Surface Mining Commission declared a forfeiture of the bonds. American Resources paid the necessary $205,949.00 to the commission and, in turn, demanded repayment of that amount, as well as $2,575.00 in delinquent premiums, from Berry Mountain.
Berry Mountain refused to indemnify, and American Resources filed this suit. In February 1988, American Resources moved for partial summary judgment against Berry Mountain in the amount of $208,524.00. The affidavit of Linda M. Bennett was the only evidence offered, and the indemnity agreement was attached thereto. The reclamation *Page 5 
bonds, No. ARIC-0333 and ARIC-0696, were listed by number in the affidavit. However, they were attached to an amendment to the motion for summary judgment filed subsequent to the affidavit. They were not authenticated.
With regard to the admissibility of this evidence, Berry Mountain failed to move to strike the unauthenticated documents. Therefore, we rely on our recent holding inPerry v. Mobile County, 533 So.2d 602 (Ala. 1988) (on rehearing ex mero motu), wherein we were concerned with an affidavit "not based on the personal knowledge of the affiant" and "accompanied by various documents, including computer printouts of accident reports, individual accident reports, and letters."Id. In Perry, we quoted and adopted this language from C. Wright, A. Miller M. Kane, Federal Practice and Procedure:Civil 2d § 2738 (1983) as follows:
 " 'A party must move to strike an affidavit that violates Rule 56(e); if he fails to do so, he will waive his objection and, in the absence of a "gross miscarriage of justice," the court may consider the defective affidavit. This principle applies to affidavits containing evidence that would not be admissible at trial as well as to affidavits that are defective in form. The motion to strike must be timely, [and] the decision on that question is left to the discretion of the trial judge. It is clear that a motion to strike presented for the first time on appeal comes too late.
 " 'The court will disregard only the inadmissible portion of the challenged affidavit and consider the rest of it. . . . [A] motion to strike should specify the objectionable portions of the affidavit and the grounds for each objection. A motion asserting only a general challenge to an affidavit will be ineffective."
We then said of that language:
 "The foregoing is applicable equally to those affidavits in support of a motion for summary judgment and to those in opposition to such a motion.
 "Since [defendant] did not call to the trial court's attention the fact that the affidavit was inadmissible, he waived that objection. . . ."
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
HORNSBY, C J., and MADDOX, ALMON and STEAGALL, JJ., concur.