This is a consolidated appeal from the rulings on three hearing loss claims brought by William L. Childs, Ernest S. Hall, and James R. Phillips against CSX Transportation, Inc. (CSX), under the Federal Employer's Liability Act (FELA).[1] The Mobile Circuit Court entered a summary judgment in favor of CSX as to the claims of all three plaintiffs.
The dispositive issue is whether the trial court erred in holding that the evidence presented no genuine issue of material fact and, on that holding, entering a summary judgment for CSX as to these three claims.
A summary judgment is proper when there exists no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Ala.R.Civ.P. 56(c)(3); Chatham v.CSX Transp., Inc., 613 So.2d 341, 343 (Ala. 1993). Once the moving party makes a prima facie showing that there is no genuine issue of material fact, the burden shifts to the nonmovant to come forward with evidence creating a genuine issue of material fact. Chatham, at 343; Grider v. Grider,555 So.2d 104, 105 (Ala. 1989). The nonmovant must meet this burden by substantial evidence. Ala. Code § 12-21-12 (1975); Bass v.SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98
(Ala. 1989).
We will address the claims of Childs and Hall first. Childs worked as a switchman for CSX and its predecessor railroad companies from 1941 until his retirement in 1980. Hall also worked as a switchman from 1942 until his retirement in 1984. The basis for the summary judgment as to the claims of Childs and Hall is that the three-year statute of *Page 1015 
limitations for FELA actions had run before they brought their actions. Childs and Hall contend that within three years before they sued they discovered that their hearing loss was directly attributable to the noise they encountered while working for the railroad.
A cause of action accrues under the FELA when a person knows, or in the exercise of reasonable diligence should know, of the injury and its cause. Fries v. Chicago Northwestern Transp.Co., 909 F.2d 1092, 1095 (7th Cir. 1990); Chatham v. CSXTransp., Inc., 613 So.2d 341, 344 (Ala. 1993). Childs stated in his deposition that it had been 20 to 25 years earlier that he first believed that he had experienced a hearing loss, and he stated that this hearing loss was caused by noise exposure at work. The trial court properly entered a summary judgment for CSX as to Child's claim on the grounds that it was time-barred.
Hall stated in his deposition that approximately 8 to 10 years before bringing this action he thought that he had suffered hearing loss and that it might have been caused by the train whistle. He further stated that only very recently had he learned for certain that his hearing loss was caused by his work at CSX. The question is when Hall, in the exercise of reasonable diligence, should have suspected that his hearing loss was caused by his job and when, on that basis, he should have sought medical advice or treatment and legal counsel. Hall admitted that his wife had mentioned, while he was still employed with CSX, that he might have a hearing problem. Hall stated that at first he had not believed that he had a hearing problem. After about 10 years, he said, he felt differently, but he said he did not know what the cause of the problem was until later on. It does not appear, from the evidence in the record, that Hall had his hearing examined at any time during his employment with CSX. The trial court properly entered the summary judgment as to Hall's claim.
Phillips was employed by CSX for approximately 40 years, as a fireman, as a hostler, and as an engineer. While he was an engineer, he worked the train run from Mobile, Alabama, to New Orleans, Louisiana. It was after consulting an audiologist upon the advice of his attorney that he learned that he had suffered a hearing loss; however, he conceded in his deposition that he could not tell that he suffered from a hearing loss.
Phillips proffered, as an expert on occupational hearing loss, Gordon Stanfield, Ph.D., an audiologist. CSX objected to the competency of Stanfield to testify about the legal and medical causation of Phillips's hearing loss. Stanfield was not a medical doctor, nor had he performed any tests at CSX yards or on CSX equipment to determine the approximate levels of noise Phillips had encountered. Stanfield also had no information about the actual level of noise exposure Phillips had encountered while working for CSX. His evaluation of Phillips's condition rested mainly upon unauthenticated CSX documents and an interview that he conducted with Phillips.
CSX moved to strike all of Stanfield's deposition testimony and all of the documents relied upon by Stanfield in his evaluation of Phillips. Stanfield gave an affidavit contradicting his deposition testimony and explaining the information he had used to reach the conclusions stated in the deposition. The trial court ruled that Stanfield was not competent to give expert testimony on the cause of Phillips's hearing loss and granted CSX's motion to strike Stanfield's deposition testimony, his affidavit, and the attached documents. The motion to strike is not at issue on appeal.
Phillips was subsequently examined by Dr. Ronald J. French, a medical doctor retained by CSX to examine Phillips. Dr. French stated that he felt Phillips's hearing loss was a medical condition of aging and was not due to noise exposure. The court entered the summary judgment as to Phillips's claim because of a lack of legal and medical evidence that Phillips's hearing loss was due to any negligence on the part of CSX.
The question of whether a particular witness will be allowed to testify as an expert is largely discretionary with the trial court, and its decision will not be disturbed on appeal except upon a showing of palpable error. C. Gamble, McElroy's AlabamaEvidence, *Page 1016 
§ 127.01(5) (4th ed. 1991); Craig v. Borcicky, 557 So.2d 1253,1255 (Ala. 1990).
If a person has such extensive knowledge, skill, experience, or training in regard to the subject matter that that person's opinion will shed light upon the question to be answered, the person is competent to testify as an expert. Ellingwood v.Stevens, 564 So.2d 932, 936 (Ala. 1990).
While an audiologist may in many circumstances be competent and qualified to render an opinion as to the cause of hearing loss, in this situation Gordon Stanfield did not establish a sufficient factual basis for his conclusion. His conclusion shed no light on the question to be determined: Did Phillips sustain a hearing loss as a result of negligence on the part of CSX?
Stanfield's evaluation rests mainly on unauthenticated documents that were ultimately ruled inadmissible by the trial court. Although he had examined Phillips, he stated in his deposition that he was not qualified to give a medical examination or to render an opinion as to the medical cause of an individual's hearing loss. Stanfield also conceded that he had not attempted to reconstruct Phillips's actual exposure to noise, because he had not obtained the information necessary to do so. He relied on information from other train runs to reach his opinion, because he had no information regarding noise studies on Phillips's run.
Accordingly, the judgment of the trial court as to each of the three claims is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and STEAGALL, JJ., concur.
[1] The case at trial also involved claims by Robert L. Simmons, Frank K. Bryant, Ermis E. Manning, Robert E. Morrison, and Norman Nelson, but their claims are not at issue in this appeal.