The plaintiff Freddie Lee Carter appeals from a summary judgment entered in favor of the defendant Cantrell Machine Company, Inc. (hereinafter "Cantrell").
On January 3, 1992, Freddie Lee Carter, who was employed as an oiler in the maintenance department of the Gold Kist, Inc., plant in Trussville suffered permanent and severe injuries to his arm; Carter's arm was torn and lacerated when the electric motor of a machine that he was oiling, known as a "shaker table," began operating before he could properly replace a cover guard. Carter filed a workers' compensation claim, which was subsequently settled.
On December 30, 1993, Carter sued Cantrell, the company that Carter claimed had manufactured the machine, alleging, among other things, liability under the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD"). On June 22, 1994, Gold Kist was permitted to intervene as a plaintiff. On July 20, 1994, the trial court entered a summary judgment in favor of Cantrell. Carter appeals.
On a motion for a summary judgment, the movant has the burden to make a prima facie showing that there is no genuine issue of material fact and that the movant is entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P. See, also,Willingham v. United Ins. Co. of America, 642 So.2d 428
(Ala. 1994), and the cases cited therein. Until the moving party has made such a showing, the burden does not shift to the opposing party to establish a genuine issue of material fact.Willingham, supra. In order to defeat a properly supported motion for a summary judgment, the nonmovant must present substantial evidence in support of his position. Ala. Code 1975, § 12-21-12. Betts v. McDonald's Corp., 567 So.2d 1252
(Ala. 1990). "Substantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co.of Florida, 547 So.2d 870, 871 (Ala. 1989).
To establish liability under the AEMLD, the plaintiff must show that he suffered an injury caused by one who sold a product in a defective condition unreasonably dangerous to the plaintiff as the ultimate user or consumer; that the seller was engaged in the business of selling such a product; and that the product was expected to, and did, reach the user without substantial change in the condition in which it was sold.Sapp v. Beech Aircraft Corp., 564 So.2d 418 (Ala. 1990).
Carter argues that he presented substantial evidence creating a genuine issue of material fact as to whether Cantrell sold to Gold Kist the shaker table that caused Carter's injuries. He therefore concludes that the trial court erred in entering a summary judgment in favor of Cantrell.
In support of its motion for a summary judgment, Cantrell presented the affidavit of Bobby Ray, an employee of Cantrell who fabricates all shaker tables sold by Cantrell. Ray stated that after he had personally inspected the machine that Carter alleges caused his injuries, he identified five substantial differences between that machine and the machines sold by Cantrell. Specifically, Ray noted these differences: (1) there was no evidence of a serial number plate on the frame of the machine such as would have been attached to a Cantrell machine; (2) there was no evidence that a full-length motor mount had ever been used on the Gold Kist machine that caused Carter's injuries, such as would have been used on a Cantrell machine; (3) that Cantrell machines used round rods welded to the frame, while the Gold Kist machine had square tubing; (4) that the Gold Kist machine did not use a full-length roller wheel cover, as Cantrell machines used, but used a series of shorter wheel covers; and (5) that the camshaft on *Page 893 
the Gold Kist machine was only 10 1/4 inches long, while the camshaft of Cantrell machines ranged from 17 1/2 inches to as much as 20 1/2 inches long. Additionally, Ray stated that "[t]he 'stroke' of the Gold Kist motor drive is shorter than anything I would ever make."
In opposition to Cantrell's motion for a summary judgment, Carter submitted a separate affidavit of Ray, in which Ray gave substantially the same statement that he gave in his affidavit for Cantrell. Carter also submitted deposition testimony in which Ray testified that he began fabricating shaker tables for Cantrell in 1986 and that Cantrell had not been making shaker tables before 1986. In the deposition, as in his affidavit, Ray pointed out the differences between the machine owned by Gold Kist and the machines he fabricated as an employee of Cantrell.
Carter also submitted the deposition testimony of Mike Fowler, the comptroller for Cantrell. Fowler stated that Cantrell had assembled a total of 14 shaker tables, 6 of which had been sold to Gold Kist; however, he did not state whether any of these were sold for use at the Trussville plant.
Additionally, Carter produced two affidavits of Tom Tolbert, the division engineer for the North Alabama Poultry Division of Gold Kist. However, these affidavits merely contained Tolbert's conclusionary statement that he was familiar with the shaker table that had caused injury to Carter and that, in his personal opinion, Carter's injury was caused by one of the shaker tables that Gold Kist had purchased from Cantrell. Tolbert's statements did not contain information that would support factual inferences to support Carter's claim.
In its order, the trial court properly found that the affidavit presented by Carter in opposition to Cantrell's motion for a summary judgment fell short of controverting Cantrell's evidence that it had not sold the machine that had injured Carter. Further, the court found that Tolbert's affidavit was conclusionary and failed to rebut the detailed evidence presented by Ray, the person who actually fabricated Cantrell's shaker tables.
On appeal, Carter relies primarily on invoices and purchase orders that, he argues, prove that the shaker table that caused his accident was sold by Cantrell. However, Carter failed to present any of this evidence in an affidavit based on personal knowledge or in any other form admissible into evidence, as is required of a nonmovant when opposing a properly supported motion for summary judgment.
An affidavit filed in support of, or in opposition to, a summary judgment motion will not be considered by the court unless it is based on personal knowledge. Perry v. MobileCounty, 533 So.2d 602 (Ala. 1988). Such an affidavit must be based on facts, may not consist of bare conclusory statements, and must contain information that allows more than speculative or conjectural inferences. Perry, supra. Documents submitted as exhibits to affidavits or otherwise must be admissible in evidence either as sworn or certified copies. Perry, supra.
The documents were not properly authenticated and, thus, they were inadmissible hearsay, which cannot be relied on to defeat a properly support motion for a summary judgment. Chatham v.CSX Transp., Inc., 613 So.2d 341 (Ala. 1993). Cantrell moved to strike the inadmissible evidence; thus, we may not consider it on appeal. Chatham, supra. Because the record contains no admissible evidence offered in opposition to Cantrell's motion for a summary judgment, we must conclude that the trial court properly entered the summary judgment.
The summary judgment in favor of Cantrell is affirmed.
AFFIRMED.
HORNSBY, C.J., and HOUSTON and INGRAM, JJ., concur.
ALMON, J., concurs in the result. *Page 894