HOLMES, Retired Appellate Judge.
Carla Driskell appeals from a summary judgment entered in favor of Steven Pope. This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6).
*265 Our review of the record reveals the following pertinent facts: In 1989 Pope purchased a house located at 920 Allred Street in Oxford, Alabama, to be used as rental property. After purchasing the house, Pope replaced the roof, remodeled the bathroom, and painted the exterior of the house.
In May 1993 Driskell began renting the house from Pope. On or about May 30,1994, the ceiling in the living room of the house collapsed, damaging some of Driskell’s household goods and furnishings.
Thereafter, Driskell filed a complaint against Pope, alleging that Pope failed to properly maintain the house, that he used faulty materials, that he failed to employ properly trained workers to replace the roof, and that he fraudulently hid the fact that the ceiling was faulty and would collapse.
Pope filed an answer and a summary judgment motion, with supporting documentation. Driskell filed a response in opposition to the summary judgment motion.
After a hearing the trial court issued an order, granting the summary judgment motion in favor of Pope. Driskell filed a post-judgment motion, which was denied.
Driskell appeals.
Driskell contends that the trial court committed reversible error when it entered a summary judgment in favor of Pope because, she says, there existed a genuine issue of a material fact as to whether Pope knew, or should have known, of the problems with the ceiling prior to its collapse. Driskell maintains that the contents of an engineering report, dated June 8,1994, created a genuine issue of a material fact.
We would note that Pope stated the following in his affidavit in support of his summary judgment motion:
“I was contacted by Ms. Driskell the morning of May 30, 1994, when she reported that the ceiling in the living room of the residence had collapsed, damaging some of her household goods and furnishings. When I proceeded to the house, I found that the living room was full of debris, consisting of sheetrock and insulation. You could see into the attic of the house while standing in the living room. Prior to that time I had never been in the attic of the house, nor had I made an inspection of the ceilings other than walking through the house with Ms. Driskell and possibly with other tenants who had rented the house before her. There had never been any prior problems with the ceilings in the house, and I had never received a call from Ms. Driskell or any other tenant regarding defects or problems with the ceilings.”
Pope made a prima facie showing that he neither knew, nor should have known, about the ceiling problems prior to the collapse of the ceiling.
We would note that our supreme court stated the following in Perry v. Mobile County, 533 So.2d 602, 604 (Ala.1988):
“After a party moving for summary judgment has made a prima facie showing that there is no genuine issue of material fact, the burden moves to the non-moving party to show by admissible evidence the existence of a genuine issue of material fact.... Where documents have been submitted, as exhibits to affidavits or otherwise, they must be admissible in evidence; either as sworn or certified copies.”
(Emphasis in original) (citations omitted).
As previously noted, Driskell contends that the contents of the engineering report, dated June 8, 1994, created a genuine issue of a material fact. A faxed copy of this engineering report had been attached as an exhibit to Driskell’s deposition.
While the contents of this engineering report could have created a genuine issue of a material fact, the report was not “properly authenticated” and was, “thus, inadmissible hearsay that cannot be relied on to defeat a motion for [a] summary judgment.” Chatham v. CSX Transportation, Inc., 613 So.2d 341, 346 (Ala.1993). We would further note that this engineering report was not admissible evidence because it was not a sworn or certified copy of the report. Perry, 533 So.2d 602.
Pope filed a motion to strike, wherein he requested that the trial court “disregard all references and conclusions to [the] engineering report.” In light of the foregoing, we *266 find that the trial court properly granted Pope’s motion to strike. Chatham, 618 So.2d 341. Consequently, the trial court properly entered a summary judgment in favor of Pope because Driskell failed to present any admissible evidence which created a genuine issue of a material fact.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status .as a judge -of this court under the provisions of Ala.Code 1975, § 12-18-10(e).
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE, and Thompson, JJ., concur.
CRAWLEY, J., dissents.