PITTMAN, Judge.
Colony Homes, LLC ("Colony"), Mark Schlauder, and William Spriggs appeal from a summary judgment entered by the Baldwin Circuit Court ("the trial court") in favor of Acme Brick Tile & Stone, Inc. We dismiss the appeal in part and affirm the judgment of the trial court.
Factual Background and Procedural History
In 2011, Brick Acquisition Company, which was a Delaware corporation and a subsidiary of Acme Brick Company, a Delaware corporation, purchased some of the assets of Jenkins Brick & Tile Company, LLC, which included, among other things, the right to use the name "Jenkins Brick" and any derivatives of that name. In 2012, Brick Acquisition Company, using the name Jenkins Brick Company, entered into a written contract ("the contract") with Colony, a company that acts as a general contractor in the construction business. Under the terms of the contract, Brick Acquisition Company agreed to provide Colony with bricks, mortar, and other building materials on credit, and Colony agreed to pay Brick Acquisition Company for them. Schlauder and Spriggs, who are associated with Colony, personally guaranteed Colony's performance under the contract. In 2014, Brick Acquisition Company changed its name to Acme Brick Tile & Stone, Inc. ("Acme"). In December 2015, Acme began supplying bricks, mortar, and other building materials on credit to Colony for the construction of a house ("the house") for Gary R. Bernard and Jacqueline R. Bernard in Baldwin County and for use in other construction jobs. In April 2016, Acme recorded a materialman's lien against the house, alleging that Acme was owed $7,086.22 for bricks, mortar, and other *280 building materials used to construct the house, plus interest and an attorney fee.
In May 2016, Acme sued Colony, Schlauder, and Spriggs, stating claims seeking recovery of $11,337.14 for bricks, mortar, and other building materials that Acme had supplied Colony on credit for the construction of the house and for use in other construction jobs, plus interest, costs, and an attorney fee.[1] In July 2016, when Colony, Schlauder, and Spriggs had failed to answer the complaint or otherwise defend, Acme sought and obtained default judgments against them that awarded Acme $11,337.14 in damages to compensate Acme for the debt Colony, Schlauder, and Spriggs owed Acme, plus costs, interest in the amount of $844.23, and an attorney fee in the amount of $2,834.29. Colony, Schlauder, and Spriggs subsequently filed a motion asking the trial court to set aside the default judgments on the ground that their failure to answer had resulted from their mistaken belief that an answer had been filed on their behalf. Although Acme opposed the motion to set aside the default judgments, the trial court granted the motion.
Thereafter, Colony, Schlauder, and Spriggs answered Acme's complaint.[2] Colony, Schlauder, and Spriggs subsequently filed (1) an amended answer in which they asserted that the contract required that Acme's claims be resolved by arbitration and (2) a motion asking the trial court to compel arbitration of those claims. Acme objected to the motion to compel arbitration, and, on September 8, 2016, the trial court entered an order sustaining Acme's objection to the motion to compel arbitration, which effectively denied that motion. Colony, Schlauder, and Spriggs did not file a notice of appeal challenging the trial court's order refusing to compel arbitration within 42 days after the entry of that order.
Thereafter, Acme filed a motion for a summary judgment with respect to its claims against Colony, Schlauder, and Spriggs and supported the motion with evidence. Colony, Schlauder, and Spriggs then filed a response and evidence in opposition to the summary-judgment motion. On November 8, 2016, the trial court entered a summary judgment in favor of Acme and against Colony, Schlauder, and Spriggs, which awarded Acme $11,337.14 in compensation for the debt Colony, Schlauder, and Spriggs owed Acme, interest on that debt in the amount of $1,285.91, and an attorney fee in the amount of $7,174.27. Colony, Schlauder, and Spriggs filed a notice of appeal to this court on December 20, 2016.
Standard of Review
"[An appellate court's] review of a summary judgment is de novo. Williams v. State Farm Mut. Auto. Ins. Co., 886 So.2d 72, 74 (Ala. 2003). [The *281 appellate court] appl[ies] the same standard of review as the trial court applied. Specifically, [the appellate court] must determine whether the movant has made a prima facie showing that no genuine issue of material fact exists and that the movant is entitled to a judgment as a matter of law. Rule 56(c), Ala. R. Civ. P.; Blue Cross & Blue Shield of Alabama v. Hodurski, 899 So.2d 949, 952-53 (Ala. 2004). In making such a determination, [the appellate court] must review the evidence in the light most favorable to the nonmovant. Wilson v. Brown, 496 So.2d 756, 758 (Ala. 1986). Once the movant makes a prima facie showing that there is no genuine issue of material fact, the burden then shifts to the nonmovant to produce 'substantial evidence' as to the existence of a genuine issue of material fact. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala. 1989) ; Ala. Code 1975, § 12-21-12. '[S]ubstantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.' West v. Founders Life Assur. Co. of Fla., 547 So.2d 870, 871 (Ala. 1989)."
Dow v. Alabama Democratic Party, 897 So.2d 1035, 1038-39 (Ala. 2004).
Analysis
Colony, Schlauder, and Spriggs first attempt to challenge the trial court's September 8, 2016, order refusing to compel arbitration of Acme's claims. However, Colony, Schlauder, and Spriggs did not file a notice of appeal challenging that order within 42 days after September 8, 2016, the date that order was entered. Rule 4(d), Ala. R. App. P., provides:
"An order granting or denying a motion to compel arbitration is appealable as a matter of right, and any appeal from such an order must be taken within 42 days (6 weeks) of the date of the entry of the order, or within the time allowed by an extension pursuant to Rule 77(d), Alabama Rules of Civil Procedure."
Colony, Schlauder, and Spriggs did not seek an extension of the 42-day period to file a notice of appeal challenging the trial court's September 8, 2016, order refusing to compel arbitration of Acme's claims. Therefore, they were required by Rule 4(d) to file a notice of appeal within 42 days after the entry of that September 8, 2016, order to invoke this court's jurisdiction to review that order. See Lighting Fair, Inc. v. Rosenberg, 63 So.3d 1256, 1262 (Ala. 2010) (holding that notice of appeal filed more than 42 days after the entry of an order ruling on a motion to compel arbitration failed to invoke the appellate court's jurisdiction to review that order). Rule 2(a)(1), Ala. R. App. P., provides: "An appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court." Therefore, we dismiss the appeal insofar as it seeks appellate review of the trial court's September 8, 2016, order refusing to compel arbitration of Acme's claims. See Lighting Fair, 63 So.3d at 1262 ("Because the Rosenbergs' appeal of the trial court's order granting Taylor and Taylor Homes' motion to compel arbitration is untimely, this Court is without jurisdiction to consider it. Accordingly, we must dismiss that portion of the Rosenbergs' appeal.").
Colony, Schlauder, and Spriggs next argue that the trial court erred in entering a summary judgment in favor of Acme because, they say, Acme failed to submit any evidence establishing that it had delivered to Colony the bricks, mortar, and other building materials for which it sought payment. In support of its summary-judgment motion, Acme submitted, *282 among other things, an affidavit signed by Polly Willis, which stated, in pertinent part:
"Comes now Polly Willis, Collection Department Manager for Acme Brick Tile & Stone, Inc., f/k/a Jenkins Brick Company .... I do provide this Affidavit of Damages in the above-styled case, verified under oath and I do have personal knowledge of the facts set forth below:
"....
"2. The affiant is over the age of nineteen years and is competent to provide this affidavit. I am responsible for the collection of this account and I am the custodian of the attached documents which are kept in the normal course of business at my office and copies of some documents are kept in the Mobile office.
"3. The unpaid balance of the account of the defendants as of May 23, 2016, the date of the filing of the complaint, was $11,337,14. The unpaid balance was for bricks and other building materials sold to the defendants. Accrued finance charges from February 14, 2016, to October 1, 2016 are $1285.91, for a total debt owed as of this date of $12,623.05. Per diem finance charges thereafter are $ 5.59.
"....
"6. Exhibits and Documents. I do submit the following in support of the Acme summary judgment and in support of the damages we claim and I do state that I am a custodian of these records and they are kept in the normal course of our business and are to be exhibits in the trial of this matter.
"....
"D. The statement of account dated 5/31/16 for Colony Homes, LLC."
(Emphasis added.) Exhibit D to the Willis affidavit lists, among other things, the order numbers for materials sold to Colony, the date of those orders, the address to which the materials were delivered, and the balance owed on those orders. Although Colony, Schlauder, and Spriggs asserted in their response to Acme's summary-judgment motion that the documents submitted with Willis's affidavit were inadmissible because, Colony, Schlauder, and Spriggs said, the documents constituted hearsay, Colony, Schlauder, and Spriggs did not file a motion to strike either Willis's affidavit or any of the documents submitted with her affidavit. In Ex parte Secretary of Veterans Affairs, 92 So.3d 771 (Ala. 2012), our supreme court stated:
"In Perry v. Mobile County, 533 So.2d 602 (Ala. 1988), this Court adopted the following language from C. Wright, A. Miller & M. Kane, Federal Practice and Procedure: Civil § 2738 (2d ed. 1983) :
" ' "A party must move to strike an affidavit that violates Rule 56(e) [, Ala. R. Civ. P.]; if he fails to do so, he will waive his objection and, in the absence of a 'gross miscarriage of justice,' the court may consider the defective affidavit. This principle applies to affidavits containing evidence that would not be admissible at trial as well as to affidavits that are defective in form. The motion to strike must be timely, [and] the decision on that question is left to the discretion of the trial judge. It is clear that a motion to strike presented for the first time on appeal comes too late.
" ' "The court will disregard only the inadmissible portion of the challenged affidavit and consider the rest of it .... [A] motion to strike should specify the objectionable portions of the affidavit and the grounds for each objection. A motion asserting only a general challenge to an affidavit will be ineffective." '
" 533 So.2d at 604-05 (emphasis added).
*283 "Cases decided after Perry have not always been clear in holding that a party challenging the admissibility of an affidavit must object to the affidavit and move to strike it. ... We take this opportunity to reaffirm the holding in Perry that a party must move the trial court to strike any evidence that violates Rule 56(e), Ala. R. Civ. P. An objection to the inadmissible evidence alone is not sufficient. The motion to strike brings the objection to the trial court's attention and requires action on the part of the trial court to properly preserve the ruling on appeal."
92 So.3d at 776-77 (footnote omitted).
Because Colony, Schlauder, and Spriggs failed to file a motion to strike Willis's affidavit or the documents submitted with it, the trial court properly considered that affidavit and those documents. Willis's affidavit and Exhibit D to her affidavit constituted substantial evidence establishing that Acme had delivered to Colony the bricks, mortar, and other building materials for which it sought payment. Colony, Schlauder, and Spriggs did not submit any evidence indicating that Acme had not delivered any of the bricks, mortar, or other building materials for which it sought payment. Therefore, we find no merit in Colony, Schlauder, and Spriggs's argument that Acme failed to establish that it had delivered to Colony the bricks, mortar, and other building materials for which Acme sought payment.
Finally, Colony, Schlauder, and Spriggs argue that the trial court erred in awarding Acme an attorney fee in the amount of $7,174.27 because, Colony, Schlauder, and Spriggs say, the amount of the fee was excessive and because only Colony, Schlauder, and Spriggs were made responsible for the entire fee despite the fact that the Bernards had caused Acme to incur some of its attorney fee. However, Colony, Schlauder, and Spriggs have not cited any legal authority whatsoever in support of this argument. The only legal authority cited in their appellate brief with respect to the award of attorney fees appears in the "Statement of the Standard of Review" wherein Colony, Schlauder, and Spriggs state, in pertinent part:
"Traditionally, the award of attorney's fees is one that is within the discretion of the trial court, and should not be disturbed upon appeal unless the trial court exceeded its discretion. However, 'a trial court's order regarding an attorney fee must allow for meaningful appellate review by articulating the decisions made, the reasons supporting those decisions, and how it calculated the attorney fee.' City of Birmingham v. Horn, 810 So.2d 667, 682 (Ala. 2001). In this case, there was no such finding by the Court specified in the Order, and as such, the standard of review for the award of attorney's fees should be de novo."
(Emphasis added.)
Because Colony, Schlauder, and Spriggs have not argued that the failure of the trial court to articulate in its judgment "the decisions made, the reasons supporting those decisions, and how it calculated the attorney fee" constituted reversible error, we could consider City of Birmingham v. Horn, 810 So.2d 667, 682 (Ala. 2001), as legal authority supporting a reversal of the trial court's judgment regarding the attorney fee only if this court created that argument for them. However, "[i]t is not the function of this court to advocate a position on behalf of an appellant or to create a legal argument for the appellant. McLemore v. Fleming, 604 So.2d 353 (Ala. 1992) ; Spradlin v. Spradlin, 601 So.2d 76, 79 (Ala. 1992)." Schiesz v. Schiesz, 941 So.2d 279, 289 (Ala. Civ. App. 2006).
With respect to the argument Colony, Schlauder, and Spriggs have actually made *284 regarding the attorney fee, their failure to cite any legal authority whatsoever provides this court with a basis for disregarding that argument. See Jimmy Day Plumbing & Heating, Inc. v. Smith, 964 So.2d 1 (Ala. 2007). In Smith, our supreme court stated:
" Rule 28(a)(10), Ala. R. App. P., requires that arguments in an appellant's brief contain 'citations to the cases, statutes, other authorities, and parts of the record relied on.' Further, 'it is well settled that a failure to comply with the requirements of Rule 28(a)(10) requiring citation of authority in support of the arguments presented provides [an appellate court] with a basis for disregarding those arguments.' State Farm Mut. Auto. Ins. Co. v. Motley, 909 So.2d 806, 822 (Ala. 2005) (citing Ex parte Showers, 812 So.2d 277, 281 (Ala. 2001) ). This is so, because ' "it is not the function of [an appellate court] to do a party's legal research or to make and address legal arguments for a party based on undelineated general propositions not supported by sufficient authority or argument." ' Butler v. Town of Argo, 871 So.2d 1, 20 (Ala. 2003) (quoting Dykes v. Lane Trucking, Inc., 652 So.2d 248, 251 (Ala. 1994) )."
964 So.2d at 9. Accordingly, because Colony, Schlauder, and Spriggs have not cited any legal authority in support of the argument they actually make regarding the attorney fee, we decline to consider that argument.
APPEAL DISMISSED IN PART; AFFIRMED.
Thompson, P.J., and Thomas, Moore, and Donaldson, JJ., concur.

Acme also sued the Bernards, stating a claim seeking to perfect its lien against the house. However, by agreement of all the parties, that claim was ultimately dismissed without prejudice and is not pertinent to this appeal.

Colony, Schlauder, and Spriggs also pleaded a cross-claim against the Bernards, and the Bernards pleaded a cross-claim against Colony, Schlauder, and Spriggs. However, by agreement of all the parties, those cross-claims were ultimately dismissed without prejudice and are not pertinent to this appeal. In August 2016, the Bernards sued Colony, Schlauder, Spriggs, and three other individuals associated with Colony in a separate action, stating various claims sounding in contract and tort. The Bernards then filed a motion asking the trial court to consolidate Acme's action and the Bernards' action; however, Acme objected to the consolidation of those actions, and the trial court denied the motion. Thus, the Bernards' action is not pertinent to this appeal.