This is a legal malpractice case. The trial court granted the defendant's motion for summary judgment. This appeal by Janice Crawford involves only one issue: Was the counter-affidavit of plaintiff's affiant, Lana Borsook, legally sufficient to create a genuine issue as to any material fact? We hold that it was not, for the reasons hereinafter discussed, and we affirm.
Theodore L. Hall is a lawyer, licensed to practice in the State of Alabama and with an office in Mobile. Hall represented the plaintiffs, Janice Crawford and Gourmet Caterers, Inc., in matters involving the application of real estate, corporate, and bankruptcy law. Plaintiffs filed a malpractice action against Hall, who moved for summary judgment based upon his own affidavit, in which he stated that he had not deviated from the applicable standard of care in his representation of the plaintiffs. The adequacy of this affidavit was *Page 875 
not made an issue for review. The plaintiffs filed a counter-affidavit of Ms. Borsook, a resident of California, who was not a party and who had no personal knowledge or involvement in any of the matters allegedly constituting malpractice.
The contents of an affidavit filed in support of, or in opposition to, a motion for summary judgment must be asserted upon personal knowledge of the affiant, must set forth facts that would be admissible in evidence, and must show affirmatively that the affiant is competent to testify to the matters asserted. These requirements are mandatory. Arringtonv. Working Woman's Home, 368 So.2d 851, 854 (Ala. 1979); Oliverv. Brock, 342 So.2d 1, 4 (Ala. 1976). A witness who has qualified as an expert may give an opinion based upon his or her own knowledge of facts, stating those facts and then his or her opinion, or he or she may give an opinion based upon hypothetical questioning as to facts already in evidence, or evidence to be subsequently admitted. Alabama Power Co. v.Robinson, 447 So.2d 148 (Ala. 1983). Where personal observation is lacking, an expert witness cannot be permitted to give his or her expert opinion until facts upon which the opinion is to be based have been properly hypothesized before him or her. The Court wrote in Alabama Power Co. v. Robinson, at 153:
 "We have opined that `[e]xperts may be permitted to state facts known to them because of their expert knowledge but should not be allowed to substitute opinion for fact, although they can express an opinion on established or assumed facts.' R.L. Reid, Inc. v. Plant, 350 So.2d 1022, 1025 (Ala. 1977)."
In her counter-affidavit, Ms. Borsook did not state that she had personal knowledge of the matters stated in her affidavit. She did not state that her opinion was based upon established facts that she was asked to assume were true. Instead, she stated what she called her "understanding" of the facts. She stated that she had reviewed "various documents pertaining to certain bankruptcies" and the defendant's affidavit.
Ms. Borsook's affidavit does not identify the documents she reviewed. She stated that a copy of "the Bankruptcy Court's Ruling of November 30, 1982" was attached as Exhibit A and that a "copy of portions of Gourmet's complaint, and its motion for a temporary restraining order" were attached as Exhibit B. She did not state that she had relied upon them in forming her opinions. Even if she had, the attached documents did not conform to the requirements of Rule 56 (e), Ala.R.Civ.P., which states that "[s]worn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." (Emphasis supplied.) See, Osborn v.Johns, 468 So.2d 103 (Ala. 1985) (counter-affidavit restating allegations and not accompanied by certified copies of documents referred to in affidavit insufficient to preclude summary judgment); Guess v. Snyder, 378 So.2d 691 (Ala. 1979) (counter-affidavit with unsworn letter attached insufficient to raise factual issue to preclude summary judgment). See, also, Ala.R.Civ.P. 44 (a)(1); United States v. Dibble, 429 F.2d 598,602 (9th Cir. 1970) ("a writing is not authenticated merely by attaching it to an affidavit" and "[a]n official record is authenticated by the testimony of a witness who knows and attests to the facts stated in Rule 44 of the Federal Rules of Civil Procedure").
Moreover, much of what Ms. Borsook stated in her affidavit was not even mentioned in the uncertified documents attached to the affidavit or in any affidavit or document that is a part of the record on appeal. Since Ms. Borsook did not participate in the underlying legal representation or transactions, she must have relied on further, unspecified sources for her "understanding" of the facts. Under Welch v. Houston CountyHospital Bd., 502 So.2d 340 (Ala. 1987), such an affidavit is inadmissible.
In Welch, the defendant had filed a motion for summary judgment supported in part by a physician's deposition. The physician's "findings" were based on his review of the hospital chart and interviews *Page 876 
with personnel and not on his personal knowledge of the facts.
 "Neither the chart nor any statements in the form of affidavits or depositions by the personnel interviewed by Dr. Smith are contained in this record. Thus, the representations in the chart and by the personnel, relied on by Dr. Smith, are hearsay. Consequently, Dr. Smith's deposition, describing, interpreting, or relying upon the contents or substance of the chart or his interviews, is also inadmissible, and, therefore, cannot be properly considered on motion for summary judgment." (Emphasis supplied.)
502 So.2d at 344. Just as the deposition in Welch was inadmissible to support a motion for summary judgment, the affidavit of Ms. Borsook is inadmissible to preclude summary judgment in this case because the documents are not certified pursuant to Ala.R.Civ.P. 44 (a)(1), as required by Rule 56 (e), and any information she received from unspecified sources and not contained in affidavits or depositions on file in this case was hearsay. Ms. Borsook's counter-affidavit was not legally sufficient to create a genuine issue as to any material fact.
We see no need to address the issue raised by Hall as to Ms. Borsook's competence to state an opinion as to the standard of care for the Alabama legal community and whether an Alabama attorney has deviated from that standard of care in handling matters pertaining to real estate, corporate, and bankruptcy law. Ms. Borsook apparently is not a member of the Alabama State Bar, and she did not allege any personal knowledge of or even familiarity with legal practice in Alabama. She is a member of two other state bars. In Mylar v. Wilkinson,435 So.2d 1237, 1239 (Ala. 1983), the Court stated the standard of care for Alabama attorneys:
 "A lawyer owes certain duties of care in the relationship with his or her client; and, in the performance of legal services for the client, a lawyer is required to exercise an ordinary and reasonable level of skill, knowledge, care, attention, and prudence common to members of the legal profession in the community." (Emphasis supplied.)
Whether "community" refers to (1) the State; see Kellos v.Sawilowsky, 254 Ga. 4, 325 S.E.2d 757 (1985); Hodges v. Carter,239 N.C. 517, 80 S.E.2d 144 (1954); Feil v. Wishek,193 N.W.2d 218 (N.D. 1971); Cook, Flanagan Berst v. Clausing,73 Wn.2d 393, 438 P.2d 865 (1968); (2) the county, see, Rhine v. Haley, 238 Ark. 72, 378 S.W.2d 655,661 (1964); Cook v. Irion, 409 S.W.2d 475, 478
(Tex.Civ.App. 1966); (3) the local community, see, McClain v. Faraone,369 A.2d 1090 (Del.Super. 1977) ("this community");Ramp v. St. Paul Fire Marine Ins. Co., 263 La. 774,269 So.2d 239 (1972) ("his locality"); Watkins v.Sheppard, 278 So.2d 890 (La.Ct.App. 1973) ("his community or locality"); In re Cronin, 133 Vt. 234, 336 A.2d 164 (1975) ("standard of adequacy . . . which normally prevails at the time and place"); or (4) a national "community," as in medical malpractice cases, see Zills v. Brown, 382 So.2d 528 (Ala. 1980), will be determined at another time, in another case.
AFFIRMED.
TORBERT, C.J., and MADDOX, ALMON and BEATTY, JJ., concur.