BRYAN, Judge.
The issue presented by this appeal is whether the trial court erred in entering a summary judgment in favor of the Secretary of Veterans Affairs, an officer of the United States of America (“the Secretary”), in his ejectment action against Frank S. Smith, Jr. (“Frank”). For the reasons discussed below, we hold that the trial court erred in entering the summary judgment, and we remand the cause for further proceedings consistent with this opinion.
Frank purchased a house located on 9th Court South in Bessemer (“the house”) in 1998. In connection with the purchase, Frank, joined “pro forma” by his wife, Juliet L. Smith (“Juliet”), mortgaged the house to Franklin American Mortgage Company (“Franklin”) to secure the pay *767 ment of a promissory note evidencing a debt in the principal amount of $60,690.
On April 23, 2009, the Secretary sued Frank and Juliet, stating a claim of ejectment and seeking possession of the house. As the factual basis of his claim, the Secretary alleged that the mortgage had been assigned to him; that he had sold the house at a foreclosure sale on February 22, 2007; that he had purchased the house at the foreclosure sale; that the auctioneer who had sold the house at the foreclosure sale had executed an auctioneer’s deed conveying the house to the Secretary; that the Secretary had demanded in writing that Frank and Juliet vacate the house; and that Frank and Juliet had failed to vacate the house.
Juliet had vacated the house before the Secretary filed his ejectment action, and she was never served with process. Frank, however, still lived in the house, and he was served. Answering, Frank denied the allegations of the complaint and asserted various affirmative defenses, which included “[djefective notice,” “[d]e-fective sale,” and “[wjrongful foreclosure.”
The Secretary moved for a summary judgment, asserting that, as a matter of law, he was entitled to possession of the house because, he said, he owned legal title to the house by virtue of the auctioneer’s deed. In support of his motion, the Secretary submitted an affidavit signed by Scott Hiatt, which stated:
“My name is Scott Hiatt, and I am Assistant Vice President and Attorney in Fact for Bank of America, N.A. In my employment capacity, I am personally familiar with the account of Frank S. Smith, Jr. and Juliet L. Smith....
“On February 22, 2007, Plaintiff, Bank of America, N.A., sold at foreclosure the following real property located in Jefferson County, Alabama:
“[legal description of the house];
“Pursuant to power of sale contained in a promissory note and mortgage executed by Frank S. Smith, Jr. and Juliet L. Smith dated December 29, 1998, to and in favor of Franklin American Mortgage Company by instrument recorded in ... the records in the Office of the Judge of Probate, Jefferson County, Alabama, which mortgage was subsequently assigned to The Secretary of Veterans Affairs, an Officer of the United States of America by instrument recorded ... and re-recorded in ... the said Probate Court Records.
“Frank S. Smith, Jr. and Juliet Smith defaulted in the payments of said indebtedness and the Secretary of Veterans Affairs commenced foreclosure with written notices to Frank S. Smith, Jr. and Juliet Smith and due newspaper publication in The Alabama Messenger.
“Said real property was sold at foreclosure February 22, 2007, for a successful bid of $66,097.50, paid by The Secretary of Veterans Affairs, Purchaser. Frank S. Smith, Jr. and Juliet Smith were notified of said foreclosure sale by letter dated February 28, 2007, sent by certified mail of the foreclosure proceeding and [Frank S. Smith and Juliet Smith] were given ten (10) days to vacate said property.”
(Emphasis added.) Along with Hiatt’s affidavit, the Secretary submitted an uncer-tified copy of the mortgage; uncertified copies of the subsequent assignments of the mortgagee’s rights under the mortgage, which included an assignment to the Secretary; an uncertified copy of the auctioneer’s deed; an unauthenticated copy of an affidavit by the publisher of the Alabama Messenger; and an unauthenticated copy of a letter dated February 28, 2007, from an attorney representing the Secretary and addressed to Frank and Juliet at the house, which informed them that the Secretary had purchased the house at the foreclosure sale on February 22, 2007, and *768 demanded that they vacate the house within 10 days.
Frank opposed the summary-judgment motion by filing a pleading titled “Defendant’s Response to Plaintiffs Motion for Summary Judgment.” In his response, Frank argued, among other things, that the Secretary had failed to establish that he was entitled to possession of the house because, Frank said, the Hiatt affidavit did not comply with Rule 56(e), Ala. R. Civ. P., because, Frank said, (1) it did not state how Hiatt, as an officer of, and attorney-in-fact for, Bank of America, N.A. (“Bank of America”), had acquired personal knowledge of the information recited in his affidavit, (2) it did not affirmatively show that Hiatt was competent to testify to that information, and (3) it was not accompanied by sworn or certified copies of the documents to which it referred.[1]
Following a hearing, the trial court entered a summary judgment in favor of the Secretary on August 3, 2010, without stating its rationale. On August 31, 2010, Frank filed a Rule 59, Ala. R. Civ. P., postjudgment motion, which the trial court denied on October 13, 2010.
Frank timely appealed to this court. Due to lack of jurisdiction, we transferred the appeal to the supreme court. The supreme court then transferred the appeal back to this court pursuant to § 12-2-7(6), Ala. Code 1975.
“We review a summary judgment de novo. American Liberty Ins. Co. v. AmSouth Bank, 825 So.2d 786 (Ala.2002).
“ ‘We apply the same standard of review the trial court used in determining whether the evidence presented to the trial court created a genuine issue of material fact. Once a party moving for a summary judgment establishes that no genuine issue of material fact exists, the burden shifts to the non-movant to present substantial evidence creating a genuine issue of material fact. “Substantial evidence” is “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” In reviewing a summary judgment, we view the evidence in the light most favorable to the nonmovant and entertain such reasonable inferences as the jury would have been free to draw.’
“Nationwide Prop. & Cas. Ins. Co. [v. DPF Architects, P.C.], 792 So.2d [369] at 372 [ (Ala.2001) ] (citations omitted), quoted in American Liberty Ins. Co., 825 So.2d at 790.”
Potter v. First Real Estate Co., 844 So.2d 540, 545 (Ala.2002).
Frank argues, among other things, that the trial court erred in entering a summary judgment in favor of the Secretary because, he says, the Secretary failed to establish that he was entitled to possession of the house because, Frank says, the Hiatt affidavit did not comply with Rule 56(e) because, Frank says, (1) it did not state how Hiatt, as an officer of, and attorney-in-fact for, Bank of America had acquired personal knowledge of the information recited in his affidavit; (2) it did not affirmatively show that Hiatt was competent to testify to that information; and (3) it was not accompanied by sworn or certified copies of the documents referred to in the affidavit. The Secretary, on the other hand, argues that Frank waived his objec *769 tion to Hiatt’s affidavit and the unsworn, uncertified, and unauthentieated documents that accompanied it because, the Secretary says, Frank did not move to strike them. In Ex parte Elba General Hospital & Nursing Home, Inc., 828 So.2d 308, 312-13 (Ala.2001), the supreme court stated:
“On the question whether a trial court should consider a defective affidavit introduced in support of a motion for summary judgment and not objected to by the opposing party, we have consistently held that a failure to object constitutes a waiver of the right to object to the affidavit and that in the absence of an objection the trial court may properly consider such an affidavit, even if an objection alleging the particular defect would clearly have been proper. See Lennon v. Petersen, 624 So.2d 171 (Ala.1993); Cain v. Sheraton Perimeter Park S. Hotel, 592 So.2d 218 (Ala.1991); Morris v. Young, 585 So.2d 1374 (Ala.1991); Perry v. Mobile County, 533 So.2d 602 (Ala.1988). An objection need not be made in any particular form. See McMillian v. Wallis, 567 So.2d 1199, 1205 (Ala.1990) (holding that a party must ‘call the [trial] court’s attention’ to the fact that a deposition or affidavit is inadmissible and that by failing to do so a party waives any objection to the court’s considering the affidavit or deposition).”
(Emphasis added.)
In the case now before us, although Frank did not move to strike Hiatt’s affidavit and the unsworn, uncerti-fied, and unauthenticated documents that accompanied it, Frank’s response to the summary-judgment motion called the trial court’s attention to the inadmissibility of the affidavit and those documents by objecting to them and stating the grounds of the objection. Therefore, we find no merit in the Secretary’s argument that Frank waived his objection to the Hiatt affidavit and the documents that accompanied it because he failed to move to strike them. See Ex parte Elba Gen. Hosp. & Nursing Home, Inc.
Moreover, we agree with Frank that the testimony in the Hiatt affidavit and the documents that accompanied it were not admissible. In Crawford v. Hall, 531 So.2d 874 (Ala.1988), Crawford sued Hall, stating a claim of legal malpractice. Hall moved for a summary judgment, and Crawford submitted a counteraffidavit signed by Lana Borsook, “who was not a party and who had no personal knowledge or involvement in any of the matters allegedly constituting malpractice,” 531 So.2d at 875, in opposition to the summary-judgment motion. The trial court granted the summary-judgment motion, and Crawford appealed. The issue on appeal was whether Borsook’s affidavit was legally sufficient to create a genuine issue of material fact. Holding that it was not, the supreme court stated, in pertinent part:
“The contents of an affidavit filed in support of, or in opposition to, a motion for summary judgment must be asserted upon personal knowledge of the affiant, must set forth facts that would be admissible in evidence, and must show affirmatively that the affiant is competent to testify to the matters asserted. These requirements are mandatory. Arrington v. Working Woman’s Home, 368 So.2d 851, 854 (Ala.1979); Oliver v. Brock, 342 So.2d 1, 4 (Ala.1976). A witness who has qualified as an expert may give an opinion based upon his or her own knowledge of facts, stating those facts and then his or her opinion, or he or she may give an opinion based upon hypothetical questioning as to facts already in evidence, or evidence to be subsequently admitted. Alabama Power Co. v. Robinson, 447 So.2d 148 (Ala.1983). Where personal observation is lacking, an expert witness cannot be *770 permitted to give his or her expert opinion until facts upon which the opinion is to be based have been properly hypothesized before him or her. The Court wrote in Alabama Power Co. v. Robinson, at 153:
“ ‘We have opined that “[e]xperts may be permitted to state facts known to them because of their expert knowledge but should not be allowed to substitute opinion for fact, although they can express an opinion on established or assumed facts.” R.L. Reid, Inc. v. Plant, 350 So.2d 1022, 1025 (Ala.1977).’
“In her counter-affidavit, Ms. Borsook did not state that she had personal knowledge of the matters stated in her affidavit. She did not state that her opinion was based upon established facts that she was asked to assume were true. Instead, she stated what she called ‘understanding of the facts. She stated that she had reviewed ‘various documents pertaining to certain bankruptcies’ and the defendant’s affidavit.
“Ms. Borsook’s affidavit does not identify the documents she reviewed. She stated that a copy of ‘the Bankruptcy Court’s Ruling of November 30, 1982’ was attached as Exhibit A and that a ‘copy of portions of Gourmet’s complaint, and its motion for a temporary restraining order’ were attached as Exhibit B. She did not state that she had relied upon them in forming her opinions. Even if she had, the attached documents did not conform to the requirements of Rule 56(e), Ala. R. Civ. P., which states that ‘[s ]wom or ceHified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.’ (Emphasis supplied.) See, Osborn v. Johns, 468 So.2d 103 (Ala.1985) (counter-affidavit restating allegations and not accompanied by certified copies of documents referred to in affidavit insufficient to preclude summary judgment); Guess v. Snyder, 378 So.2d 691 (Ala.1979) (counter-affidavit with unsworn letter attached insufficient to raise factual issue to preclude summary judgment). See, also, Ala. R. Civ. P. 44(a)(1); United States v. Dibble, 429 F.2d 598, 602 (9th Cir.1970) (‘a writing is not authenticated merely by attaching it to an affidavit’ and ‘[a]n official record is authenticated by the testimony of a witness who knows and attests to the facts stated in Rule 44 of the Federal Rules of Civil Procedure’).
“Moreover, much of what Ms. Borsook stated in her affidavit was not even mentioned in the uncertified documents attached to the affidavit or in any affidavit or document that is a part of the record on appeal. Since Ms. Borsook did not participate in the underlying legal representation or transactions, she must have relied on further, unspecified sources for her ‘understanding’ of the facts. Under Welch v. Houston County Hospital Bd., 502 So.2d 340 (Ala.1987), such an affidavit is inadmissible.
“In Welch, the defendant had filed a motion for summary judgment supported in part by a physician’s deposition. The physician’s ‘findings’ were based on his review of the hospital chart and interviews with personnel and not on his personal knowledge of the facts.
“ ‘Neither the chart nor any statements in the form of affidavits or depositions by the personnel interviewed by Dr. Smith are contained in this record. Thus, the representations in the chart and by the personnel, relied on by Dr. Smith, are hearsay. Consequently, Dr. Smith’s deposition, describing, interpreting, or relying upon the contents or substance of the chart or his interviews, is also inadmissible, and, therefore, cannot be properly considered on motion for summary judgment.’ (Emphasis supplied.)
*771 “502 So.2d at 344. Just as the deposition in Welch was inadmissible to support a motion for summary judgment, the affidavit of Ms. Borsook is inadmissible to preclude summary judgment in this case because the documents are not certified pursuant to Ala. R. Civ. P. 44(a)(1), as required by Rule 56(e), and any information she received from unspecified sources and not contained in affidavits or depositions on file in this case was hearsay.. Ms. Borsook’s counter-affidavit was not legally sufficient to create a genuine issue as to any material fact.”
531 So.2d at 875-76.
In the case now before us, Hiatt’s affidavit did not show that Bank of America was a participant in the servicing of the mortgage or in the foreclosure. It did not explain how Hiatt, in his capacity as an officer of, and attorney-in-fact for, Bank of America, would have acquired personal knowledge of the information he testified to in his affidavit. Moreover, none of the documents that accompanied his affidavit were sworn, certified, or otherwise authenticated. Consequently, based on the holding of the supreme court in Crawford, we hold that the testimony contained in Hiatt’s affidavit and the documents that accompanied his affidavit were inadmissible and, therefore, that the trial court erred in entering a summary judgment in favor of the Secretary. Therefore, we reverse the summary judgment and remand the cause for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ„ concur.

. In pertinent part, Rule 56(e) provides:
"Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.”