BOLIN, Justice.
On April 23, 2009, the Secretary of Veterans Affairs (“the Secretary”), an officer of the United States of America, sued Frank S. Smith, Jr. (“Frank”), in the Jefferson Circuit Court, stating a claim of ejectment and seeking possession of Frank’s house in Bessemer.[1] On August 3, 2010, the trial court entered an order, granting the Secretary’s motion for a summary judgment. Frank appealed the summary judgment to the Court of Civil Appeals, which reversed the summary judgment and remanded the action for further proceedings. See Smith v. Secretary of Veterans Affairs, 92 So.3d 766 (Ala.Civ.App.2011). We granted the Secretary’s petition for certiorari review. We reverse and remand.

I. Factual Background and Procedural History

The facts and procedural history of this case are set forth in detail in the Court of Civil Appeals’ opinion:
“Frank purchased a house located on 9th Court South in Bessemer (‘the house’) in 1998. In connection with the purchase, Frank, joined ‘pro forma’ by his wife, Juliet L. Smith (‘Juliet’), mortgaged the house to Franklin American Mortgage Company (‘Franklin’) to secure the payment of a promissory note evidencing a debt in the principal amount of $60,690.
“On April 23, 2009, the Secretary sued Frank and Juliet, stating a claim of ejectment and seeking possession of the house. As the factual basis of his claim, the Secretary alleged that the mortgage had been assigned to him; that he had sold the house at a foreclosure sale on February 22, 2007; that he had purchased the house at the foreclosure sale; that the auctioneer who had sold the house at the foreclosure sale had executed an auctioneer’s deed conveying the house to the Secretary; that the Secretary had demanded in writing that Frank and Juliet vacate the house; and that Frank and Juliet had failed to vacate the house.
*773 “Juliet had vacated the house before the Secretary filed his ejectment action, and she was never served with process. Frank, however, still lived in the house, and he was served. Answering, Frank denied the allegations of the complaint and asserted various affirmative defenses, which included ‘[defective notice,’ ‘[defective sale,’ and ‘[wrongful foreclosure.’
“The Secretary moved for a summary judgment, asserting that, as a matter of law, he was entitled to possession of the house because, he said, he owned legal title to the house by virtue of the auctioneer’s deed. In support of his motion, the Secretary submitted an affidavit signed by Scott Hiatt, which stated:
“ ‘My name is Scott Hiatt, and I am Assistant Vice President and Attorney in Fact for Bank of America, N.A. In my employment capacity, I am personally familiar with the account of Frank S. Smith, Jr. and Juliet L. Smith....
“‘On February 22, 2007, Plaintiff, Bank of America, N.A., sold at foreclosure the following real property located in Jefferson County, Alabama: “ ‘[legal description of the house];
“ ‘Pursuant to power of sale contained in a promissory note and mortgage executed by Frank S. Smith, Jr. and Juliet L. Smith dated December 29, 1998, to and in favor of Franklin American Mortgage Company by instrument recorded in ... the records in the Office of the Judge of Probate, Jefferson County, Alabama, which mortgage was subsequently assigned to The Secretary of Veterans Affairs, an Officer of the United States of America by instrument recorded ... and re-recorded in ... the said Probate Court Records.
“‘Frank S. Smith, Jr. and Juliet Smith defaulted in the payments of said indebtedness and the Secretary of Veterans Affairs commenced foreclosure with written notices to Frank S. Smith, Jr. and Juliet Smith and due newspaper publication in The Alabama Messenger.
“‘Said real property was sold at foreclosure February 22, 2007, for a successful bid of $66,097.50, paid by The Secretary of Veterans Affairs, Purchaser. Frank S. Smith, Jr. and Juliet Smith were notified of said foreclosure sale by letter dated February 28, 2007, sent by certified mail of the foreclosure proceeding and [Frank S. Smith and Juliet Smith] were given ten (10) days to vacate said property.’
“(Emphasis added.) Along with Hiatt’s affidavit, the Secretary submitted an un-certified copy of the mortgage; uncerti-fied copies of the subsequent assignments of the mortgagee’s rights under the mortgage, which included an assignment to the Secretary; an uncertified copy of the auctioneer’s deed; an unauthenticated copy of an affidavit by the publisher of the Alabama Messenger; and an unauthenticated copy of a letter dated February 28, 2007, from an attorney representing the Secretary and addressed to Frank and Juliet at the house, which informed them that the Secretary had purchased the house at the foreclosure sale on February 22, 2007, and demanded that they vacate the house within 10 days.
“Frank opposed the summary-judgment motion by filing a pleading titled ‘Defendant’s Response to Plaintiffs Motion for Summary Judgment.’ In his response, Frank argued, among other things, that the Secretary had failed to establish that he was entitled to possession of the house because, Frank said, the Hiatt affidavit did not comply with Rule 56(e), Ala. R. Civ. P., because, Frank said, (1) it did not state how *774 Hiatt, as an officer of, and attorney-in-fact for, Bank of America, N.A. (‘Bank of America’), had acquired personal knowledge of the information recited in his affidavit, (2) it did not affirmatively show that Hiatt was competent to testify to that information, and (3) it was not accompanied by sworn or certified copies of the documents to which it referred.
“Following a hearing, the trial court entered a summary judgment in favor of the Secretary on August 3, 2010, without stating its rationale. On August 31, 2010, Frank filed a Rule 59, Ala. R. Civ. P., postjudgment motion, which the trial court denied on October 13, 2010.”
92 So.3d at 766-68 (footnote omitted).

II. Appeal Before the Court of Civil Appeals

Frank argued before the Court of Civil Appeals that Scott Hiatt’s affidavit did not comply with Rule 56(e), Ala. R. Civ. P., because, he said:
“(1) [The affidavit] did not state how Hiatt, as an officer of, and attorney-in-fact for, Bank of America had acquired personal knowledge of the information recited in his affidavit; (2) [the affidavit] did not affirmatively show that Hiatt was competent to testify to that information; and (3) [the affidavit] was not accompanied by sworn or certified copies of the documents referred to in the affidavit.”
92 So.3d at 768. The Secretary, on the other hand, argued that Frank had waived his objection to Hiatt’s affidavit and to the unsworn, uncertified, and unauthenticated documents that supported the affidavit because, he said, Frank did not move the trial court to strike them.[2] The Court of Civil Appeals concluded that Frank was not required to move the trial court to strike the Hiatt affidavit and the supporting documents because Frank had objected to the inadmissibility of the affidavit and the supporting documents in his pleading titled “Defendant’s Response to Plaintiffs Motion for Summary Judgment.” The Court of Civil Appeals reversed the judgment of the trial court, relying upon Ex parte Elba General Hospital & Nursing Home, Inc., 828 So.2d 308 (Ala.2001) (noting that an objection to a trial court’s consideration of unauthenticated materials submitted in support of a summary-judgment motion need not be in any particular form). The Court of Civil Appeals stated:
“In the case now before us, although Frank did not move to strike Hiatt’s affidavit and the unsworn, uncertified, and unauthenticated documents that accompanied it, Frank’s response to the summary-judgment motion called the trial court’s attention to the inadmissibility of the affidavit and those documents by objecting to them and stating the grounds of the objection. Therefore, we find no merit in the Secretary’s argument that Frank waived his objection to the Hiatt affidavit and the documents that accompanied it because he failed to move to strike them. See Ex parte Elba Gen. Hosp. & Nursing Home, Inc.”
92 So.3d at 769 (emphasis added).

III. Standard of Review

“The standard of review applicable to a summary judgment is well established:
“ ‘The principles of law applicable to a motion for summary judgment are well settled. To grant such a motion, the trial court must determine that *775 the evidence does not create a genuine issue of material fact and that the movant is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. When the movant makes a prima facie showing that those two conditions are satisfied, the burden shifts to the nonmovant to present “substantial evidence” creating a genuine issue of material fact. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989); § 12-21-12(d), Ala.Code 1975. Evidence is “substantial” if it is of “such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life As-sur. Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
“ ‘In our review of a summary judgment, [either on a direct appeal or on a certiorari review,] we apply the same standard as the trial court. Ex parte Lumpkin, 702 So.2d 462, 465 (Ala.1997). Our review is subject to the caveat that we must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412, 413 (Ala.1990).’
“Ex parte Alfa Mut. Gen. Ins. Co., 742 So.2d 182,184 (Ala.1999).”
Ex parte Elba Gen. Hosp. & Nursing Home, Inc., 828 So.2d at 311. In addition, “[o]n appeal, this Court reviews a summary judgment de novo ... and affords'no presumption of correctness to the trial court’s ruling on questions of law....” Board of Trs. of Univ. of Alabama v. American Res. Ins. Co., 5 So.3d 521, 526 (Ala.2008).

TV. Discussion

We granted the Secretary’s petition for certiorari review to address the issue whether Frank’s failure to file a written motion to strike the Hiatt affidavit waived for appellate review any issue regarding the trial court’s consideration of that affidavit. In reversing the trial court’s summary judgment in favor of the Secretary, the Court of Civil Appeals interprets Ex parte Elba General Hospital to mean that an objection to a defective affidavit, without a formal motion to strike the affidavit, will suffice to preserve for appellate review any issue regarding the trial court’s consideration of the defective affidavit in determining that there was no genuine issue of material fact. In Ex parte Elba General Hospital, the defendant nursing home filed a motion for a summary judgment accompanied by the affidavit Marie Le-pore, R.N. The trial court entered a summary judgment in favor of the nursing home. The plaintiff, Gerald H. Nelson, filed a motion to alter, amend, or vacate the judgment, in which he stated that he had argued that at the summary-judgment hearing he had made an oral motion to strike portions of the Lepore affidavit. The trial court denied Nelson’s motion to alter, amend, or vacate the judgment, and Nelson appealed to the Court of Civil Appeals. The Court of Civil Appeals acknowledged that Nelson had failed to object to the Lepore affidavit. The Court of Civil Appeals, nevertheless, reversed the summary judgment in favor of the nursing home, concluding that the Lepore affidavit was inadmissible and that enforcing Nelson’s failure to object would result in a “gross miscarriage of justice.” 828 So.2d at 311. This Court reversed the judgment of the Court of Civil Appeals, concluding that Nelson had failed to preserve for appellate review the issue whether the Le-pore affidavit was defective. This Court elaborated:
“Although Nelson stated in his motion to alter, amend, or vacate the judgment *776 that during the hearing on the motion for summary judgment he had made an oral motion to strike Lepore’s affidavit, Elba General, in its brief before us, emphatically denies that Nelson made such a motion. Nelson has not contradicted this denial in his brief before us. The record provides no indication that the trial court ruled on any such motion. This Court’s review is limited to matters contained in the record, and nothing in the record, other than the statement in Nelson’s postjudgment motion, supports the view that Nelson ever made such a motion....
[[Image here]]
“On the question whether a trial court should consider a defective affidavit introduced in support of a motion for summary judgment and not objected to by the opposing party, we have consistently held that a failure to object constitutes a waiver of the right to object to the affidavit and that in the absence of an objection the trial court may properly consider such an affidavit, even if an objection alleging the particular defect would clearly have been proper. See Lennon v. Petersen, 624 So.2d 171 (Ala.1993); Cain v. Sheraton Perimeter Park S. Hotel, 592 So.2d 218 (Ala.1991); Morris v. Young, 585 So.2d 1374 (Ala.1991); Perry v. Mobile County, 533 So.2d 602 (Ala.1988). An objection need not be made in any particular form. See McMillian v. Wallis, 567 So.2d 1199, 1205 (Ala.1990) (holding that a party must ‘call the [trial] court’s attention’ to the fact that a deposition or affidavit is inadmissible and that by failing to do so a party waives any objection to the court’s considering the affidavit or deposition).”
Id. at 312-13.
In Perry v. Mobile County, 533 So.2d 602 (Ala.1988), this Court adopted the following language from C. Wright, A. Miller & M. Kane, Federal Practice and Procedure: Civil § 2738 (2d ed.1983):
“ ‘A party must move to strike an affidavit that violates Rule 56(e); if he fails to do so, he will waive his objection and, in the absence of a “gross miscarriage of justice, ” the court may consider the defective affidavit. This principle applies to affidavits containing evidence that would not be admissible at trial as well as to affidavits that are defective in form. The motion to strike must be timely, [and] the decision on that question is left to the discretion of the trial judge. It is clear that a motion to strike presented for the first time on appeal comes too late.
“ ‘The court will disregard only the inadmissible portion of the challenged affidavit and consider the rest of it.... [A] motion to strike should specify the objectionable portions of the affidavit and the grounds for each objection. A motion asserting only a general challenge to an affidavit will be ineffective.’ ”
533 So.2d at 604-05 (emphasis added).
Cases decided after Perry have not always been clear in holding that a party challenging the admissibility of an affidavit must object to the affidavit and move to strike it. See Ex parte Diversey Corp., 742 So.2d 1250, 1253-54 (Ala.1999) (holding that “the court can consider inadmissible evidence if the party against whom it is offered does not object to the evidence by moving to strike it”); Elizabeth Homes, L.L.C. v. Cato, 968 So.2d 1, 4 (Ala.2007) (“[I]f an affidavit or the documents attached to an affidavit fail to comply with [Rule 56(e), Ala. R. Civ. P.,] the opposing party must object to the admissibility of the affidavit or the document and move to strike.”); Ware v. Deutsche Bank *777 Nat’l Trust Co., 75 So.3d 1163 (Ala.2011) (party challenging admissibility of affidavit and supporting documents pursuant to Rule 56(e) must object thereto and move to strike); but see Blackmon v. Brazil, 895 So.2d 900, 903 n. 2 (Ala.2004) (“Although the plaintiffs argue on appeal that these two affidavits and the listing contract were inadmissible, the plaintiffs did not raise such objections in the trial court. Therefore, the plaintiffs waived their objections to this evidence.”); Ex parte Unitrin, Inc., 920 So.2d 557, 560 (Ala.2005) (“Unitrin did not object to the admissibility of any of the materials attached to Ware’s memorandum. Consequently, these materials are properly before us.”). We take this opportunity to reaffirm the holding in Perry that a party must move the trial court to strike any evidence that violates Rule 56(e), Ala. R. Civ. P.[3] An objection to the inadmissible evidence alone is not sufficient. The motion to strike brings the objection to the trial court’s attention and requires action on the part of the trial court to properly preserve the ruling on appeal.
In the instant case, Frank did object to the admissibility of the Hiatt affidavit and to the documents supporting that affidavit in his pleading titled “Response to Defendant’s Motion for Summary Judgement.” However, he did not move the trial court to strike the affidavit. Therefore, no ruling on the issue was invoked. Because Frank failed to move the trial court to strike the Hiatt affidavit and the unsworn, uncertified, and unauthenticated documents that accompanied that affidavit, he waived any objection on appeal regarding the trial court’s consideration of the affidavit and supporting documents. Accordingly, any issue regarding the admissibility of the Hiatt affidavit was not preserved for review by the Court of Civil Appeals and cannot stand as the basis for that court’s reversal of the trial court’s judgment.

V. Conclusion

The judgment of the Court of Civil Appeals is reversed, and the case is remanded to the Court of Civil Appeals for proceedings consistent with this opinion.
REVERSED AND REMANDED.
WOODALL, STUART, MAIN, and WISE, JJ., concur.
PARKER, MURDOCK, and SHAW, JJ., dissent.

. The Secretary also named Frank's wife, Juliet Smith, in the action. However, she was never served.

. Rule 56(e), Ala. R. Civ. P., provides, in pertinent part:
"Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith."

. Generally, a written motion to strike would be required. However, if a hearing on the summary-judgment motion were transcribed or if the trial court's order reflected that an oral motion to strike was made, then an oral motion would be sufficient.