After Remand from the Alabama Supreme Court

PER CURIAM.
The Alabama Supreme Court (1) has reversed the prior judgment of this court, Smith v. Secretary of Veterans Affairs, 92 So.3d 766 (Ala.Civ.App.2011), which reversed the judgment of the Jefferson Circuit Court, Bessemer Division, and (2) has remanded the cause for further proceedings consistent with its opinion. See Ex parte Secretary of Veterans Affairs, 92 So.3d 771 (Ala.2012). We now address an *786 argument of Frank S, Smith, Jr. (“Frank”), that we did not reach in our prior decision.[1]
Frank argues that the trial court erred in entering a summary judgment in favor of the Secretary of Veterans Affairs, an officer of the United States of America (“the Secretary”), because, Frank says, the evidence before the trial court established a genuine issue of material fact regarding the identity of the party who sold his property at the foreclosure sale. The Secretary supported his summary-judgment motion with, among other things, an affidavit signed by Scott Hiatt, a copy of the promissory note signed by Frank, a copy of the mortgage signed by Frank, copies of three subsequent assignments of the mortgagee’s interest in the mortgage, a copy of an affidavit signed by the publisher of the Alabama Messenger, the newspaper in which notice of the foreclosure sale was published, and a copy of the foreclosure deed. Hiatt’s affidavit states that “Plaintiff, Bank of America, N.A.,” sold Frank’s property at the foreclosure sale. On the other hand, the copy of the notice of the foreclosure sale that was published in the Alabama Messenger, which was included with the affidavit signed by the publisher of the Alabama Messenger, states that the Secretary would be selling Frank’s property at the foreclosure sale. Likewise, the foreclosure deed states that Dana Wright McGowin, the auctioneer who conducted the foreclosure sale, sold Frank’s property at the foreclosure sale on behalf of the Secretary. The three assignments of the mortgagee’s interest in the mortgage consist of an assignment from Franklin American Mortgage Company (“Franklin American”) to North American Mortgage Company (“North American”); an assignment from North American to Mortgage Electronic Registration Systems, Inc. (“MERS”), as nominee for PNC Mortgage Corp. of America (“PNC”); and an assignment from MERS, as nominee for PNC, to the Secretary. The promissory note signed by Frank indicates that Franklin American signed an indorsement making the promissory note payable to the order of North American; that North American signed an indorsement making the promissory note payable to the order of MERS, as nominee for PNC; and that MERS, as nominee for PNC, signed an indorsement making the promissory note payable to the order of the Secretary. The record does not contain any evidence indicating that Bank of America, N.A., was ever the owner of the mortgagee’s interest in the mortgage or the owner of the debt secured by the mortgage. See Coleman v. BAC Servicing, [Ms. 2100453, Feb. 3, 2012] (Ala.Civ.App.2012)* (holding that the power of sale in a mortgage may be executed by any person who owns the debt even if he or she has not been assigned the mortgagee’s interest in the mortgage securing the debt). Moreover, the record does not contain any evidence indicating that Bank of America, N.A., was authorized to act as an agent for the Secretary in selling Frank’s property at the foreclosure sale. Thus, Hiatt’s affidavit stating that Bank of America, N.A., sold Frank’s property at the foreclosure sale is in conflict with the notice of the foreclosure sale and the auctioneer’s deed and creates a *787 genuine issue of material fact regarding whether it was Bank of America, N.A., or the Secretary who sold Frank’s property at. the foreclosure sale. Moreover, because there is substantial evidence tending to prove that Bank of America, N.A., did not have the authority to sell Frank’s property at the foreclosure sale either on its own behalf or on behalf of the Secretary, Hiatt’s statement that Bank of America, N.A., sold Frank’s property at the foreclosure sale creates a genuine issue of material fact regarding whether Frank’s property was sold at the foreclosure sale by a party who had the authority to do so. Furthermore, because the evidence creates a genuine issue of material fact regarding whether Frank’s property was sold at the foreclosure sale by a party who had the authority to do so, that evidence also creates a genuine issue of material fact regarding whether the Secretary, who bases his claim to title to Frank’s property on the foreclosure deed, has standing to bring this ejectment action. See Sturdivant v. BAC Home Loans Servicing, LP, [Ms. 2100245, Dec. 16, 2011] — So.3d —, — (Ala.Civ.App.2011) (holding that an ejectment-action plaintiff that based its claim to title to the property on a foreclosure deed lacked standing to bring the ejectment action because the evidence indicated that the party who initiated the foreclosure proceedings lacked authority to initiate them on the date it did so).
Although Frank did not argue to the trial court that Hiatt’s statement that Bank of America, N.A., sold the property at the foreclosure sale established the existence of a genuine issue of material fact regarding whether the foreclosure was valid, “[t]he issue of a lack of standing may not be waived, and an argument concerning standing may be asserted for the first time on appeal.” Sturdivant, — So.3d at — (citing RLI Ins. Co. v. MLK Ave. Redev. Corp., 925 So.2d 914, 918 (Ala.2005)).
Accordingly, we reverse the judgment of the trial court and remand the cause for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
THOMPSON, P.J., and THOMAS and MOORE, JJ., concur.
BRYAN, J., dissents, with writing, which PITTMAN, J., joins.

. The factual background of this case and its procedural history in the trial court are recited in our original decision. See Smith v. Secretary of Veterans Affairs, supra.

 Note from the reporter of decisions: On June 22, 2012, the Court of Civil Appeals withdrew the February 3, 2012, opinion in Coleman and substituted another one. See Coleman v. BAC Servicing, [Ms. 2100453, June 22, 2012] — So.3d — (Ala.Civ.App.2012).