MOORE, Judge.
Wendell Simmons appeals from a judgment entered by the Baldwin Circuit Court ("the trial court") against him and in favor of Donald David Cook following a trial on the merits; Team Simco Lifter, Inc. ("Team Simco"), appeals from a default judgment entered against it by the trial court. We affirm the trial court's judgments as to both Simmons and Team Simco.
*901 Procedural History
On September 8, 2014, Cook filed a complaint against Simmons and Team Simco, alleging claims of negligence, breach of contract, breach of the warranties of merchantability and fitness for a particular purpose, misrepresentation, and fraudulent concealment related to Cook's purchase of a boat lift. On November 25, 2014, Cook filed an application for an entry of default against both defendants. On December 3, 2014, the trial court ordered Cook to submit "an Affidavit from a party, with personal knowledge, verifying the allegations in the Complaint before a default judgment can be entered." Simmons, acting pro se, subsequently filed an answer and a counterclaim. On January 12, 2015, the trial court entered an order stating that Team Simco "must file a proper Answer with the Court, through its attorney, within 30 days or a default will be entered against it." On February 11, 2015, Simmons purported to file an answer on behalf of Team Simco.
On March 27, 2015, in accordance with the trial court's December 3, 2014, order, Cook filed a supplement to his application for entry of default, requesting the entry of a default judgment and attaching his own affidavit concerning the allegations of the complaint and his request for damages. On April 1, 2015, the trial court entered a default judgment against Team Simco, awarding Cook compensatory damages in the amount of $12,600 and punitive damages in the amount of $40,000.
After a trial on the claims against Simmons, the trial court entered a judgment on June 21, 2016, in favor of Cook and against Simmons in the amount of $7,800; the trial court also entered a judgment in favor of Cook on Simmons's counterclaim.[1] On July 21, 2016, Braxton Lowe, an attorney, entered an appearance on behalf of Simmons and Team Simco; that same day, he filed a postjudgment motion on behalf of both defendants. In that postjudgment motion, Team Simco challenged, for the first time, the admissibility of Cook's affidavit that was filed in support of his supplement to the application for entry of default, which included a request for a default judgment. Also in the postjudgment motion, Simmons argued that the trial court had erred by piercing the corporate veil of Team Simco. The postjudgment motion also raised other arguments not pertinent to this appeal.
On October 20, 2016, the trial court entered an order setting aside the award of punitive damages against Team Simco but otherwise denying the postjudgment motion. On December 1, 2016, Simmons and Team Simco filed a joint notice of appeal to this court. We transferred the appeal to the Alabama Supreme Court for lack of subject-matter jurisdiction; that court then transferred the appeal to this court, pursuant to § 12-2-7(6), Ala. Code 1975.
Discussion
Initially, we note that we called for letter briefs on the issue whether the trial court had jurisdiction to enter its October 20, 2016, order in light of Rule 59.1, Ala. R. Civ. P. The parties responded, and Simmons and Team Simco provided a copy of a motion to continue that was filed on September 2, 2016, by Cook, which was omitted from the record on appeal. Simmons and Team Simco also attached to their letter brief a copy of an order granting *902 Cook's motion; that order was also omitted from the record on appeal. This court ordered the trial court to supplement the record on appeal with those documents. See Rule 10(f), Ala. R. App. P. ("The appellate court may, on the motion of a party or on its own initiative, order that a supplemental or corrected record be certified and transmitted to the appellate court if necessary to correct an omission or misstatement ....").
In the motion to continue, Cook represented to the trial court that Simmons and Team Simco had no objection to the continuance of the hearing that had previously been set on the postjudgment motion and that Cook "consents to and waives the right to raise the 90-day rule under Alabama Rule of Civil Procedure 59.1."
Rule 59.1, Ala. R. Civ. P., provides:
"No postjudgment motion filed pursuant to Rules 50, 52, 55, or 59 shall remain pending in the trial court for more than ninety (90) days, unless with the express consent of all the parties, which consent shall appear of record .... A failure by the trial court to render an order disposing of any pending postjudgment motion within the time permitted hereunder, or any extension thereof, shall constitute a denial of such motion as of the date of the expiration of the period."
In Butler v. Phillips, 3 So.3d 922, 924 n.1 and accompanying text (Ala. Civ. App. 2008), this court held that an agreement between the parties stating that the parties " 'agree[d] to extend the time for the [trial] Court's ruling on postjudgment motions presently pending in this cause past ninety (90) days' " "demonstrate[d] the parties' 'express consent' to extend the time allowed under Rule 59.1 and [appeared] 'of record,' " and that that joint agreement was sufficient to extend the 90-day period for the trial court to rule on the postjudgment motions. Similarly, in the present case, we conclude that the language of the motion to continue is sufficient to meet the requirements of Rule 59.1.
On appeal, the only arguments for which Simmons and Team Simco cite authority are (1) whether Cook's affidavit filed in support of the supplement to his application for entry of default, including his request for a default judgment, was admissible and (2) whether there was evidence to support piercing the corporate veil of Team Simco to hold Simmons liable.
I.
We first address Team Simco's argument that Cook's affidavit, which was filed in support of his supplement to the application for entry of default, including his request for the entry of a default judgment, was inadmissible. In support of its argument, Team Simco cites law that is applicable to affidavits filed pursuant to Rule 56, Ala. R. Civ. P. Even assuming that those requirements would be applicable to an affidavit filed pursuant to Rule 55, Ala. R. Civ. P., which concerns default judgments, we note that Team Simco failed to file a motion to strike the affidavit and did not raise any issue with regard to the affidavit until after the final judgment was entered.
"[A] party must move the trial court to strike any evidence that violates Rule 56(e), Ala. R. Civ. P. An objection to the inadmissible evidence alone is not sufficient. The motion to strike brings the objection to the trial court's attention and requires action on the part of the trial court to properly preserve the ruling on appeal."
Ex parte Secretary of Veterans Affairs, 92 So.3d 771, 777 (Ala. 2012) (footnote omitted). Accordingly, we conclude that Team Simco waived this issue. Id.; see also *903 Ex parte Elba Gen. Hosp., 828 So.2d 308, 314 (Ala. 2001).
We also note that, although Team Simco argues that an exception should be made to prevent a gross miscarriage of justice, our supreme court, in Ex parte Elba General Hospital, 828 So.2d at 314, specifically declined to apply such an exception in light of the strong policy behind the requirement of preservation. In light of that decision and perceiving no gross miscarriage of justice in the admission of the affidavit, we decline to reverse the trial court's default judgment on this point.
II.
With regard to Simmons's argument that the trial court erred in piercing Team Simco's corporate veil, we note that Cook did not request the trial court to pierce the corporate veil and that the trial court did not indicate that it was piercing the corporate veil. In fact, there was no discussion of piercing the corporate veil until the postjudgment motion was filed.
Our supreme court has explained that "[a] corporate agent who personally participates, albeit in his or her capacity as such agent, in a tort is personally liable for the tort." Sieber v. Campbell, 810 So.2d 641, 645 (Ala. 2001). In its June 21, 2016, judgment, the trial court found that Simmons was liable for his "failure to properly instruct or identify the 'auto stop' [on the boat lift] as non-operational." That finding indicates that the trial court concluded that Simmons had personally participated in the tort. Considering the language of the trial court's judgment, the fact that neither the trial court nor the parties mentioned piercing the corporate veil before the entry of the June 21, 2016, judgment, and the fact that this court will not presume error, see Walnut Equip. Leasing Co. v. Graham, 532 So.2d 655, 655 (Ala. Civ. App. 1988) ("an appellate court will not presume error"), we conclude that the trial court found Simmons personally liable and did not pierce the corporate veil of Team Simco.
Conclusion
Based on the foregoing, we affirm the default judgment entered against Team Simco and the judgment entered against Simmons.
AFFIRMED.
Thompson, P.J., and Donaldson, J., concur.
Thomas, J., dissents, with writing, which Pittman, J., joins.
Wendell Simmons and Team Simco Lifter, Inc. ("Team Simco"), appeal a judgment of the Baldwin Circuit Court ("the trial court") in favor of Donald David Cook. The majority affirms the trial court's judgment. I respectfully dissent.
The trial court entered a final judgment on June 21, 2016. On July 21, 2016, Simmons and Team Simco jointly filed a postjudgment motion pursuant to Rule 59, Ala. R. Civ. P. The postjudgment motion was denied by operation of law on October 19, 2016. See Rule 59.1, Ala. R. Civ. P. On October 20, 2016, the trial court entered an order purporting to rule on the postjudgment motion. On December 1, 2016, Simmons and Team Simco jointly filed a notice of appeal, which was untimely because it was filed more than 42 days after their postjudgment motion had been denied by operation of law. See Rule 4(a)(1), Ala. R. App. P. "[A]n untimely filed notice of appeal results in a lack of appellate jurisdiction, which cannot be waived." Parker v. Parker, 946 So.2d 480, 485 (Ala. Civ. App. 2006). I would therefore dismiss the appeal.
The main opinion reasons that the 90-day period imposed by Rule 59.1, Ala. R. Civ. P., was extended, and the appeal *904 therefore timely filed, based on a September 2, 2016, motion that Cook filed in the trial court ("Cook's motion"). The trial court entered an order granting Cook's motion on September 6, 2016. As noted by the majority, extending the 90-day period requires "the express consent of all the parties, which consent shall appear of record ...." Rule 59.1.
Unlike the joint agreement in Butler v. Phillips, 3 So.3d 922 (Ala. Civ. App. 2008), which is cited by the majority, Cook's motion expresses only his consent to extending the 90-day period. Regarding Simmons and Team Simco, Cook's motion states only that their "counsel ... has no objection to a continuance" of the postjudgment hearing. "[C]onsent to extend the time for a hearing on a postjudgment motion does not equate to consent to extend the pendency of the postjudgment motion beyond the 90-day period prescribed by Rule 59.1, Ala. R. Civ. P." Ex parte Bodenhamer, 904 So.2d 294, 295 (Ala. 2004). Moreover, even if Cook's motion had purported to express the consent of Simmons and Team Simco to extending the 90-day period, it was not executed by their attorney, which this court has deemed necessary under similar circumstances. See Brown v. Brown, 808 So.2d 40, 41 (Ala. Civ. App. 2001). More generally, even if Simmons and Team Simco had no objection to extending the 90-day period,
" '[t]he language of Rule 59.1 requires express consent. And the law has long recognized a material distinction between "assent" and "consent," the former meaning passive or submissive conduct while the latter involves positive action.... In the instant case counsel for [Simmons and Team Simco] did not take positive steps to express in a direct and unequivocal manner that he was willing to extend the 90 day period nor did his assent to the continuation of the proceedings constitute a waiver of the requirement of express consent.' "
Harrison v. Alabama Power Co., 371 So.2d 19, 21 (Ala. 1979) (quoting Personnel Bd. for Mobile Cty. v. Bronstein, 354 So.2d 8, 11 (Ala. Civ. App. 1977) )(footnote omitted). Finally, even though the parties appear to agree on appeal that the 90-day period was extended, their agreement does not prohibit us from considering the timeliness of the appeal because, as noted above, that question impacts this court's subject-matter jurisdiction and "a court's lack of subject-matter jurisdiction may be raised at any time ... and may even be raised by a court ex mero motu." C.J.L. v. M.W.B., 868 So.2d 451, 453 (Ala. Civ. App. 2003). For the foregoing reasons, Cook's motion does not alter my conclusion that this appeal should be dismissed.
Pittman, J., concurs.

The entry of the judgment against Simmons disposed of the remaining pending claims in the matter and, thus, rendered the default judgment against Team Simco final. See, e.g., Sanders v. Sanders, 32 So.3d 597, 599 (Ala. Civ. App. 2009) (" 'A final judgment is one that disposes of all the claims and controversies between the parties.' " (quoting Heaston v. Nabors, 889 So.2d 588, 590 (Ala. Civ. App. 2004) )).